# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE BELONICS, | Civil Action |
| Plaintiff, | No. |
| v. | |
| EDWARD MARC CHOCOLATIER D/B/A THE MILKSHAKE FACTORY, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

### I. Jurisdiction

1. The Jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), Section I of the Civil Rights Act of 1866, 42 U.S.C. §1981, and 28 U.S.C. §§1331 and 1343(a)(3) and (a)(4).

2. Plaintiff has satisfied all administrative requisites to suit under Title VII, in that:

   a. She filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission on January 25, 2013 and dual filed with the Pennsylvania Human Relations Commission on January 30, 2013;

   b. The EEOC issued a Notice of Right to Sue on December 6, 2013; and

   c. This Complaint is filed within 90 days of receipt of that notice.

3. Defendant is an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b).

### II. The Parties

4. Plaintiff Denise Belonics is an adult individual who resides at 1643 East Steuben Street, Pittsburgh, Pennsylvania 15205.

5. Defendant Edward Marc Chocolatier d/b/a the Milkshake Factory is a company that

operates in Pennsylvania, Virginia, and Washington, D.C. Its home office is located at 509 Cavitt Avenue, Trafford, Pennsylvania 15085. At all times relevant, Defendant employed Belonics.

### III. Factual Background

6. Belonics was employed by Defendant from August 16, 2012 through November 23, 2012.

7. Belonics was the General Manager of Defendant's retail store, The Milk Shake Factory, which is located at 1705 Carson Street, Pittsburgh, Pennsylvania 15203.

8. As the General Manager, Belonics was responsible for hiring new employees.

9. Although she initially had the ultimate hiring authority, Belonics was given specific instructions by her supervisor, Megan Adams, who was appropriate to hire and who was not.

10. Specifically, Adams told Belonics she could not hire men. Rather, Belonics was instructed to hire "the all American girl." The all American girl was too be blonde blue-eyed and college educated preferably a Duquense University student.

11. Adams also told Belonics that she could not hire a female applicant because she was African American.

12. In response, Belonics told Adams it is illegal to refuse to hire people because of their race and/or gender.

13. Ultimately, rather than following her employers illegal instructions, Belonics hired the people she felt were a good fit based on their employment history, references, and availability.

14. As a result, Defendant fired Belonics on or about November 23, 2012.

## Count I
### 42 U.S.C. § 2000e-3(a)
### Title VII Retaliation

15. Plaintiff incorporates by reference the allegations in Paragraph 1 to 14 as if fully restated.

16. Defendant fired Belonics in retaliation for opposing and failing to comply with its discriminatory hiring practices, in violation of 42 U.S.C. § 2000e-3(a).

17. Defendant's discharge of Belonics was intentional, and its decision was made with reckless indifference to Belonics' federally protected right to be free from discrimination irrespective of her opposition to race and gender discrimination.

18. As a direct and proximate result of Defendant's discharge of Belonics in retaliation, Belonics has suffered and continues to suffer damages, including but not limited to:

    a. Great mental anguish and emotional strain

    b. Loss of income and benefits; and

    c. Humiliation and inconvenience.

WHEREFORE, Belonics demands judgment against Defendant in an amount to be proven at trial, and other legal and equitable relief as the court deems to be proper, plus interest and a reasonable attorney's fee.

## Count II
### 42 U.S.C. § 1981
### Retaliation

19. Plaintiff incorporates by reference the allegations in Paragraph 1 to 18 as if fully restated.

20. Defendant fired Belonics in retaliation for complaining of racial discrimination.

Specifically, Belonics opposed Defendant's racially based hiring policy.

21.     Defendant's actions in firing Belonics in retaliation for opposing race discrimination deprived Belonics of the same right to make and enforce contracts as is enjoyed by white citizens in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981.

22.     Defendant's discharge of Belonics was undertaken with reckless indifference to Plaintiff's federally protected right to make and enforce contracts irrespective of her opposition to race discrimination.

23.     As a direct and proximate result of Defendant's discriminatory and retaliatory treatment, Belonics was fired from her job on or about November 23, 2012 and suffered the following injuries:

    a.    Great mental anguish and emotional strain;

    b.    Loss of income and benefits; and

    c.    Humiliation and inconvenience.

WHEREFORE, Belonics demands judgment against Defendant pursuant to 42 U.S.C. §1981 as follows:

    a.    That Defendant be permanently enjoined from discriminating against Belonics or retaliating against Belonics because she opposed race discrimination;

    b.    That defendant be ordered to reemploy Belonics to the position she occupied on November 23, 2012, together with all benefits incident thereto, including but not limited to wages, benefits, training and seniority;

    c.    That Defendant be required to compensate Belonics for the full value of wages and benefits she would have received had it not been for Defendant's illegal treatment, with interest thereon until the date Belonics is offered re-employment into a position substantially equivalent to the one she occupied on November 23, 2012;

  d.  That Belonics be awarded compensatory and punitive damages in an amount to be determined at trial;

  e.  That Belonics be awarded against Defendant the costs and expenses of this litigation, and a reasonable attorney's fee; and

  f.  That Belonics be awarded such further relief as this Court deems to be just and proper.

             Respectfully submitted,

             **Samuel J. Cordes & Associates**

             /S/ Samuel J. Cordes
             Samuel J. Cordes
             John E. Black, III

             Pa.I.D. #54874 (Cordes)
             Pa.I.D. #82727 (Black)

             245 Fort Pitt Boulevard
             Pittsburgh, PA 15222
             (412) 281-7991

             Attorneys for Plaintiff